Filed 5/15/25  P. v. Rocha CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101168 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE011072) |
| v. | |
| JOHN ROCHA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant John Rocha has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to him, we will affirm the judgment.

1

## BACKGROUND

Rocha was charged with assault with a deadly weapon, a metal pole (Pen. Code, § 245, subd. (a)(1)),[1] and assault with a stun gun or Taser (§ 244.5, subd. (b)).

On the afternoon of April 7, 2023, Jason R. went to Rocha's recreational vehicle (RV) to buy some drugs. Rocha went inside of his RV and came out with a Taser. Rocha accused Jason R. of stealing from him. Rocha next shot Jason R. in the leg with the Taser, but only one of the darts stuck in his leg. Jason R. backed up and fell down. Jason R. reported that Rocha armed himself with a steel pipe or aluminum fence post and hit him at least 10 times in the head and hand. Jason R. ran to his car and left.

Rocha testified he was an acquaintance of Jason R., not his friend, and he did not agree to sell him drugs. Rocha admitted he accused Jason R. of stealing his money when Jason R. came to his RV. According to Rocha, Jason R. got really mad, "got his fists all up," and took a fighting stance. Rocha pushed Jason R. down and shot him with the Taser as he was about to get up. After that, Rocha grabbed something he variously described as a "broom handle," "a twig," "a long stick," or "a branch" and hit Jason R. on the side twice.

When he was contacted by officers, Rocha claimed the incident was a misunderstanding and that he was sorry. He admitted he fired a Taser at Jason R., punched him, and hit him with a stick. The jury found Rocha guilty of both charges.

Rocha brought a motion to reduce his conviction to a misdemeanor and asked the trial court to grant him probation. The trial court imposed a sentence of the middle term of three years in state prison for the assault with the deadly weapon conviction, plus one-third the middle term of eight months for the assault with the Taser conviction. The court suspended execution of the sentence and placed Rocha on formal probation for two years,

---

[1] Undesignated statutory references are to the Penal Code.

with the condition that he serve 33 days in jail, for which he was given credit for time served.

Additionally, the trial court imposed a $300 restitution fine (§ 1202.4), a stayed parole revocation fine in the same amount (§ 1202.44), an $80 court operations assessment fee (§ 1465.8), and a $60 conviction assessment fee (Gov. Code, § 70373). The court also dismissed two other misdemeanor cases on the People's motion. Rocha filed a timely notice of appeal.

## DISCUSSION

Rocha's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) He was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. We have not received any communication from Rocha. We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

## DISPOSITION

The judgment is affirmed.

                /s/
              BOULWARE EURIE, J.

We concur:


   /s/
HULL, Acting P. J.


   /s/
KRAUSE, J.